[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In May of 1992, the plaintiff Sebastian Mazzotta and defendant James Pinto entered into a written lease for the commercial premises of #3 Community Field Road, Bay #4, in Cromwell. The property was to be used as a boat repair shop. The lease term was for nine months, which expired on January 31, 1993. James Pinto, the defendant remained in possession of the premises and continued to occupy the property without the benefit of a new written lease from February 1, 1993 to the present time. In November 1996, the plaintiff had a notice to quit served on the defendant for lapse of time.
The written lease (Exhibit #1) states the term as ". . . beginning May 1, 1992 and ending January 31, 1993." Both parties admit there were no new leases executed for the premises. While the parties disagree as to the reason a new written lease was not executed, the fact remains they did not execute a new lease. Connecticut law provides parole leases of lands or tenements reserving a monthly rent and in which the time of their termination is not agreed upon shall be construed to be for one month only. C.G.S. 47a-3d. Furthermore, the lease (Exhibit #1) executed by the parties contained a provision (paragraph 19) the CT Page 4623 holding over did not constitute a renewal of the term. Once the term the lease expired on January 31, 1993 James Pinto became a month to month tenant.
The written lease terminated by its own terms on January 31, 1993. For more than three years after the written lease expired the defendant remained in possession of the premises and used it for his boat repair and storage business. The defendant had all of that time to obtain a new lease or relocate his business. Evidence showed the length of the term was requested by Mr. Pinto. As a businessman he knew and assumed the risk of continuing the occupancy without the benefit of a written lease. The defendant found a location for his business with a reasonable rent. Furthermore, he expanded the business to include boat storage without incurring any additional expense. In short, he took advantage of the arrangement as long as possible.
Accordingly, the court finds that the agreement expired by its own terms on January 31, 1993 and after that date the defendant became a month to month tenant. This court enters judgment of possession in favor of the plaintiff.
Dunn, Judge
Judgment enters in accordance with the Memorandum of Decision.
Jonathan W. Field Deputy Chief Clerk